**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| | * | |
| DIALLO COBHAM, | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Case No. 13-cv-1447-AW |
| | * | Criminal Case No. 04-cr-173-AW |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending before the Court is Petitioner/Defendant Diallo Cobham's Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Doc. No. 60. For the reasons

discussed below, Petitioner's Motion will be DENIED.

**I.      BACKGROUND**

Following a three-day jury trial, on October 20, 2004, Petitioner was convicted of all

three charges from his indictment: (1) conspiracy to distribute with intent to distribute 5 or more

kilograms of cocaine, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute 500

or more grams of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B); and (3) felon in possession

of a firearm, in violation of 18 U.S.C. § 922(g). The Pre-Sentence Report ("PSR") from U.S.

Probation and Pretrial Services contained a detailed account of Petitioner's criminal history,

including two convictions dated April 24, 1997 (when Petitioner was 21) and November 6, 2001

(when Petitioner was 26). Pursuant to § 4A1.1(a) of the United States Sentencing Guidelines,

the PSR recommended a 3 point enhancement to Petitioner's criminal history category for the

April 24, 1997 conviction.[1]  PSR ¶ 56.  The April 24, 1997 conviction was described as follows:

> 1) Possession with Intent to Distribute;
> 2) Possession with Intent to Distribute: School Bus/Property;
> 3) Possession of CDS. Circuit Court for Somerset County, Maryland, Case
> 97CR05060. On 12/03/97, the defendant was found guilty and sentenced as
> follows: Ct. 1, 5 years suspended all but 18 months, 2 years supervised probation;
> C 2, 5 years, suspended and consecutive to Count 1, 2 years supervised probation;
> Ct. 3, merged. Paroled 04/17/98; parole closed by expiration on 02/21/99. VOP
> held 02/14/00, probation revoked and defendant sentenced to 1 day imprisonment.

*Id.*  Pursuant to U.S.S.G § 4A1.1(b), the PSR recommended a 2 point enhancement based on the

November 6, 2001 conviction,[2] which was described as follows:

> Felony Sale or Transportation of a Controlled Substance. Los Angeles County
> Superior Court, Los Angeles, California, Case SA043606. On 01/16/02, the
> defendant was sentenced to 270 days in jail, credit 2 days time served, 3 years
> supervised probation, $200 fines and costs.

*Id.* ¶ 62.

Final Judgment was entered against Petitioner on January 28, 2005, and he was sentenced

as follows: 240 months imprisonment on Count 1, 240 months imprisonment on Count 2, and

120 months imprisonment on Count 3, all counts to run concurrently.  Doc. No. 45.  Petitioner

timely appealed the judgment to the Fourth Circuit, which affirmed his conviction and sentence

on February 2, 2006.  *United States v. Cobham*, No. 05-4175, 2006 WL 250721 (4th Cir. 2006)

(unpublished per curiam opinion).  The Fourth Circuit rejected Petitioner's Sixth Amendment

claim that the district court improperly enhanced his sentence based on prior convictions.  *Id.* at

*3.  Petitioner thereafter filed a petition for certiorari to the United States Supreme Court, which

was denied on April 19, 2006.  *Cobham v. United States*, 547 U.S. 1086 (2006).

---

[1] U.S.S.G. § 4A1.1(a) provides for a 3 point enhancement "for each prior sentence of imprisonment exceeding one year and one month."
[2] U.S.S.G. § 4A1.1(b) provides for a 2 point enhancement "for each prior sentence of imprisonment of at least sixty days not counted in (a)."

More than two years later, the Government filed a Rule 35 Motion to reduce Petitioner's sentence for substantial assistance. Doc. No. 57. On June 11, 2008, the Court granted the Motion and entered an Amended Judgment reducing Petitioner's sentence as follows: 151 months imprisonment on Count 1, 151 months imprisonment on Count 2, and 120 months imprisonment on Count 3, all counts to run concurrently. Doc. No. 59.

Petitioner filed his pending § 2255 petition on May 16, 2013. Doc. No. 60. Petitioner argues that his sentence should be vacated pursuant to the Supreme Court's holding in *Carachuri-Roseno v. Holder*, 560 U.S. 563 (2010), and the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Petitioner argues that the rules announced in these decisions should be applied retroactively and that the doctrine of equitable tolling should be applied in his case. Petitioner's Motion is fully briefed and ripe for the Court's consideration.

## II.    ANALYSIS

Section 2255(f) provides that a one-year limitation period applies to motions brought pursuant to 28 U.S.C. § 2255. The limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). With respect to § 2255(f)(1), Petitioner's conviction became final on April 19, 2006, the date on which the Supreme Court denied his petition for certiorari. *See United*

*States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001). Consequently, Petitioner's one-year period

to file a § 2255 petition ended on April 19, 2007, and his May 16, 2013 petition is untimely

under § 2255(f)(1).[3]

Petitioner also invokes § 2255(f)(3) and *Carachuri-Roseno v. Holder*, 560 U.S. 563

(2010), in which he argues that the Supreme Court recognized a new right and made it

retroactively applicable to cases on collateral review. Even if the Court accepted that premise,

the pending petition was not filed until May 2013, more than two years after the Supreme

Court's decision in *Carachuri-Roseno*. Furthermore, even if Petitioner had filed within a year of

the Supreme Court's decision, the Fourth Circuit held that the rule announced by the Court in

*Carachuri-Roseno* is a procedural rule, rather than a substantive rule, and is not retroactively

applicable to cases on collateral review. *United States v. Powell*, 691 F.3d 554, 557-60 (4th Cir.

2012). Accordingly, Petitioner's § 2255 motion is untimely pursuant to § 2255(f)(3).

Petitioner next argues that he is entitled to equitable tolling, which, "in the proper

circumstances, appl[ies] to excuse a plaintiff's failure to comply with the strict requirements of a

statute of limitations." *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). A habeas

petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v.

DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Fourth Circuit has noted that "any resort to equity

must be reserved for those rare instances where—due to circumstances external to the party's

---

[3] Although the Court entered an Amended Judgment reducing Petitioner's sentence on June 11, 2008, "this later
modification does not affect the date on which [the] judgment of conviction became final" for the purposes of 28
U.S.C. § 2255. *United States v. Sanders*, 47 F.3d 139, 143 (4th Cir. 2001). Even if it did, however, the § 2255(f)(1)
analysis would not change, as Petitioner waited nearly five years from the entry of the Amended Judgment (on
which he did not file a direct appeal) to file the pending petition.

own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330.

Petitioner argues that his "reasonable diligence must be viewed in light of the sea change of circuit law effectuated by the *en banc* decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011)," and that the overruling of prior appellate law by an appeals court constitutes an "extraordinary circumstance." Doc. No. 60-1 at 11. However, *Simmons* was decided on August 17, 2011, approximately 21 months before Petitioner filed. Petitioner has failed to demonstrate that he pursued his rights diligently or that some external circumstance or factor prevented him from timely filing pursuant to 28 U.S.C. § 2255.

Furthermore, Petitioner would not be entitled to relief under *Simmons*. In *Simmons*, the Fourth Circuit overruled prior decisions in light of *Carachuri-Roseno* and held that, in deciding whether to enhance federal sentences based on prior state court convictions, courts must "look not to the maximum sentence that [state] courts could have imposed for a *hypothetical* defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's *actual* level of aggravation and criminal history." *Powell*, 691 F.3d at 556 (citing *Simmons*, 649 F.3d at 241) (emphasis in original).

For his prior April 24, 1997 conviction in Maryland, Petitioner was sentenced to five years imprisonment suspended all but 18 months, thus resulting in an enhancement under U.S.S.G. § 4A1.1(a) based on a prior sentence of imprisonment exceeding one year and one month. PSR ¶ 56. For his November 6, 2011 conviction in California, Petitioner was sentenced to 270 days imprisonment, thus resulting in an enhancement under U.S.S.G. § 4A1.1(b) based on a prior sentence of imprisonment exceeding sixty days. *Id.* ¶ 63. Nothing in *Simmons* would

alter these enhancements. Even accepting Petitioner's claim that he ultimately served less time than his state sentences provided, *see* Doc. No. 60-1 at 14, his enhancements were properly calculated by this Court. *See, e.g.*, *United States v. Thompson*, 480 F. App'x 201, 204 (4th Cir. 2012) (unpublished) ("Pursuant to *Simmons*, in evaluating whether a defendant's prior state conviction qualifies as a felony under the [Armed Career Criminal Act], the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment."); *Allen v. United States*, Crim. No. RDB 08-222, Civil No. RDB 11-1143, 2013 WL 1247658, at *5 (D. Md. Mar. 25, 2013) ("The fact that Petitioner served less than a year in jail is not dispositive of how to classify his conviction; the fact that Petitioner *could* have served over a year, however, is.") (emphasis in original). Accordingly, Petitioner's Motion under 28 U.S.C. § 2255 will be DENIED.

## III.   CERTIFICATE OF APPEALABILITY

There is no absolute entitlement to appeal a district court's denial of relief under § 2255. See 28 U.S.C. § 2353(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To meet this burden, an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). It is the Court's view that Petitioner has raised no arguments that cause this Court to view the issues as debatable, find that the issues could have been resolved differently, or conclude that the issues raise questions which warrant further review. Accordingly, the Court will DENY a Certificate of Appealability.

**IV. CONCLUSION**

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence will be DENIED.  A separate Order will follow.

December 6, 2013                                        _____/s/_____
        Date                                                      Alexander Williams, Jr.
                                                                  United States District Judge